# Kardon *v.* Forst, Appellant.

*Appeals—New trial—Discretion of court.*

The action of a trial court in granting or refusing a new trial is so largely a matter of discretion that its exercise will not be reviewed, except in a clear case of abuse of discretion, and in the absence of a manifest abuse of discretion, an appeal from such action cannot be sustained.

Where a trial judge in trying without a jury an action for paper boxes sold and delivered finds in favor of the defendant and directs that the boxes shall be returned to the plaintiff, and subsequently when it appears that the boxes have not been returned, makes an order granting a new trial, such order will not be reversed on the ground that it was a manifest abuse of discretion.

Argued Oct. 15, 1918. Appeal, No. 133, Oct. T., 1918, by defendants, from judgment of Municipal Court, Philadelphia Co., Dec. T., 1917, No. 165, for defendant on case tried by the court without a jury in suit of Morris Kardon, trading as M. Kardon Paper Company, v. Harry S. Forst and Hugo Barol, copartners, trading as H. S. Forst Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit for goods sold and delivered. Before CRANE, J.

The case was tried by the court without a jury.

The court found as follows:

"The court finds in favor of the defendant upon the weight of the credible evidence in the case and directs that the defendant returned to the plaintiff the boxes covered in the book account, within five days from the date of this finding."

The boxes were not returned, and the court made an order granting a new trial.

*Error assigned* was the order of the court.

*D. Arthur Magaziner,* with him *Clinton O. Mayer,* for appellants.—The court found in favor of the defendants, and having so found judgment should have been entered in their favor. The order that the boxes be returned within five days was simply surplusage, should have been so regarded, and when application for new trial was made should have been stricken from the record as such: Neely v. Sensenig, 150 Pa. 520; Luckenstein v. Jolly, 42 L. I. 321; Strohecker v. Brinkle, 16 S. & R. 38; Barclay v. Kerr, 110 Pa. 130; Friedley v. Scheetz, 9 S. & R. 158.

*Maxwell Pestcoe,* for appellee.—There was no abuse of discretion: Whipple v. Lewis, 69 Pa. Superior Ct. 279; Fulginiti v. Diamond Coal & Coke Co., 259 Pa. 344; Wirsing v. Smith, 222 Pa. 8; Luzerne County Nat. Bank v. Lowenstein, 68 Pa. Superior Ct. 337.

OPINION BY HENDERSON, J., January 3, 1919:

We have a single assignment of error, which complains of the action of the court in granting a new trial. The action was brought to recover the price of a quantity of paper boxes alleged to have been sold and delivered to the defendants, the acceptance of which the latter denied. The case was tried before a judge of the Municipal Court without a jury and the finding was in favor of the defendants. The trial judge with a well-intended purpose to end the litigation between the parties, coupled with his finding for the defendants a direction that they return the boxes to the plaintiff. No opinion was filed on the motion for a new trial, but the court was probably moved to that action by the omission of the defendants to surrender the boxes in accordance with the condition connected with the finding of the trial judge. It has been frequently said by the Supreme Court and this court that the action of the court in granting or refusing a new trial is so largely a matter of discretion that its exercise will not be reviewed except in a clear case of abuse of discretion and in the absence of manifest abuse an

appeal from such action cannot be sustained. An examination of the record in this case we think does not disclose such manifest abuse of discretion. The court may have been influenced as to the merits of the case by the retention of the property by the defendants in view of the evidence at the trial that the boxes were in the defendants' possession or at least under their control at the time of the trial. The property was delivered to them but they alleged they had not accepted it because it was not of the kind they had agreed to purchase. The plaintiff was left in a situation in which he lost his action and was out of possession of his property. We cannot say that it was an unreasonable direction by the court that the defendants surrender the property rather than that the plaintiff be subjected to the necessity of resorting to an action of replevin to recover that which according to the defendant's contention belonged to him, and other considerations may have moved the court.

The assignment is overruled and the appeal dismissed.